The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 We think that the decree entered on the 6th of February, 1869,- was a final decree within the principles of the case of
 
 Thomson
 
 v.
 
 Dean,
 

 *
 

 decided at this term, though it iqight have been otherwise had the decree been limited to the dissolution of the injunction, thereby merely permitting the truste.es to sell under their trust.
 

 The first ground of the motion to dismiss, therefore, can- . not be sustained.
 

 Nor is the second ground more. tenable. It is true that it does not appear upon- the record directly that" there was an allowance of the appeal; but an appeal was prayed, and subsequently the appeal bond was filed ,in the court, ahd- approved by one of the judges; and, we think, it .may be properly- inferred, from' these facts, that an appeal was actually allowed. , The motion to dismiss, therefore, must be denied.
 

 In support of the motion for supersedeas, it was argued that the appeal bond was approve^, and filed within ten days after the decree.
 

 The decree was entered on the 6th of February, 1869. A petition for..the suspension of .the order of dissolution was filed, by the secretary of the complainants, on the same day; a niotion to. the same effect was made in behalf of the Department-of War, on the 15th of February; and a petition to open the decree was filed on the 18th of February, by one of the stockholders of the company.
 

 We do not think it necessary to consider the effect vof either of these proceedings; for, on the 6th'of March, and, as we understand, during the term at which the decree was
 
 *578
 
 rendered, a motion to rescind was made in behalf of the •complainants, and was heard and decided.
 

 There is no-doubt that, during the term, the decree was, at all times, subject to be- rescinded or modified, upon motion, and could, not, therefore, be regarded as-absolutely final, until the end of the term. It became final, in this case, when the motion to. rescind had been heard and denied. This took place on the 13th of March, and, on the 20th, the appeal was prayed in open court, and on the 23d the bond of appeal was approved and filed.
 

 We think this was in time, and the motion for supersedeas must, therefore, be allowed.
 
 *
 

 Orders accordingly
 

 *
 

 Supra,
 
 p. 342.
 

 *
 

 Brockett v. Brockett, 2 Howard, 240.