## MEMPHIS *v.* BROWN.

A., having a decree against the city of Memphis for the payment of money, obtained, by judgment rendered March 30, 1875, a *mandamus*, directing her, for the payment of the decree, to levy a tax upon all the taxable property of the city. She thereupon passed an ordinance levying a special tax of fifty-four cents "on the $100 worth of property." Under the laws of the State, taxable real and personal property, other than merchants' capital, is embraced in one tax-list, and merchants' capital in another. A., finding that such capital was not subjected to the special tax, although it was to that levied for all other purposes, and that the required sum would not be raised, moved for a further peremptory *mandamus,* requiring such capital, as it was assessed for other purposes in the year 1875, to be included in the property to be taxed for his benefit. Such *mandamus* was directed by judgment March 2, 1876. On the 20th of the following May, the city moved to set aside the latter judgment; but the court refused to grant the motion, and re-entered, on that day, the judg-

ment as the final judgment in the premises. Thereupon the city, within due time, sued out a writ of error, and gave the necessary bond. *Held,* 1. That the court had the right to set aside the judgment of March 2, during the term at which it was rendered, and to re-enter it as of the date when the motion to set it aside was made. 2. That the writ of error was properly sued out on the re-entered judgment, and is a *supersedeas.*

ON motion, 1. To dismiss a writ of error to the Circuit Court of the United States for the Western District of Tennessee. 2. To vacate the *supersedeas.*

Brown obtained a decree in the Circuit Court of the United States for the Western District of Tennessee against the city of Memphis for $292,000, in conformity with the opinion of this court in the case reported in 20 Wall. 289.

Upon his petition, that court ordered, March 30, 1875, the issue of a peremptory writ of *mandamus* against the city, directing the levy of a tax for his benefit upon all the taxable property of the city. Under the laws of Tennessee, taxable personal and real property, other than merchants' capital, is embraced in one tax-list, and merchants' capital in another. In March, 1876, Brown discovered that the tax-collector, pursuant to an ordinance passed by the city Dec. 10, 1875, levying " a special tax of fifty-four cents on the $100 worth of property," was collecting the tax levied for his account on personal and real property, but not on merchants' capital, although the city, for all other purposes, was collecting a tax on merchants' capital.

It appearing that the tax upon the personal and real property alone would not be sufficient to raise the required sum, a motion was made in the original suit by Brown for a further peremptory *mandamus,* requiring the city to include in the property to be taxed for his benefit the taxable merchants' capital, as returned and assessed for taxation for other purposes in the year 1875. This motion was granted March 2, 1876, and a judgment entered accordingly. Afterwards, during the same term, May 20, the city appeared and moved the court to set aside the order of March 2; but this motion was refused, and that order re-entered as the final judgment of the court in the premises. A writ of error was sued out upon this last judgment, and a *supersedeas* perfected, by giving the required bond within sixty days thereafter.

*Mr. P. Phillips* and. *Mr. W. M. Randolph* in support of the motions.·

By art. 2, sect. 28, of the Constitution of the State of Tennessee, all property is taxable. No one species is to be taxed higher than another of equal value, and all taxation is to be equal and uniform throughout the State.

The judgment of March 30, 1875, requiring that the tax should be levied on all the taxable property of the city, was rendered in a direct proceeding, to which the city was a party.

The subsequent orders were mere declarations of what that judgment contained, and to neither of them does error lie.

The only judgment which can be reviewed is that of March 30, 1875, which settled definitively the rights of the parties, and to which the city may now prosecute a writ of error. Her right to do so demonstrates that the present writ cannot be sustained.

The *supersedeas* is only to the order of May 20, 1876. Neither the judgment of March 30, 1875, nor the order of March 2, 1876, is affected by the present proceedings.

It is very evident that, if either March 30, 1875, or March 2, 1876, be adopted as the day on which the final determination was had, the *supersedeas* cannot be maintained, as more than sixty days from either date had elapsed before the filing of the writ and bond.

*Mr. W. Y. C. Humes, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We think that the order made by the Circuit Court, May 20, 1876, upon the motion to subject merchants' capital to the tax was such a final judgment as may be brought here for re-examination by a writ of error. The precise question decided by that order had never before been presented in the cause. The city was then for the first time required, in express terms, to subject this particular class of property to the adjudged taxation. The writ was, therefore, properly sued out upon the judgment.

Under the ruling in *Brockett* v. *Brockett*, 2 How. 241, the motion made during the term to set aside the judgment of

March 2 suspended the operation of that judgment, so that it did not take final effect for the purposes of a writ of error until May 20, when the motion was disposed of. In addition to this, the form of the entry of May 20 is equivalent to setting aside the judgment of March 2, and entering it anew as of that date. This the court had the right to do during the term, and for the very purpose of giving it effect for a *supersedeas*. *Sage et al.* v. *Central Railroad Company of Iowa et al.*, 93 U. S. 412. As the writ was issued on the day of the order, and its allowance embraced in the entry recording the order itself, there cannot be any doubt of the intention of the court to give the judgment at that time such an effect.                    *Motions denied.*