# TEXAS & PACIFIC RAILWAY COMPANY *v.* MURPHY.

IN ERROR TO THE SUPREME COURT OF TEXAS.

Submitted April 3d, 1884.—Decided April 21st, 1884.

*Error—Jurisdiction—Limitations, Statute of—Supersedeas.*

If a petition for a rehearing is presented in season and entertained by the court, the time limited for a writ of error does not begin to run until the petition is disposed of.

A supersedeas will not be vacated when the writ of error is sued out and served within twenty days after the decision of a motion for rehearing, presented in season and disposed of by the court.

This was a motion to dismiss a writ of error, united to a motion to affirm.

*Mr. W. Hallett Phillips* and *Mr. A. H. Garland*, for defendant in error, moving.

*Mr. W. D. Davidge* for plaintiff in error, opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The defendant in error moves to dismiss this writ on the ground that it is brought to review an order of the court below refusing a rehearing, and not the final judgment. With this motion he unites another to affirm under sec. 5, Rule 6. If these motions are denied he asks that the supersedeas may be vacated. The facts are these:

On the 29th of May, 1883, a judgment was entered by the Supreme Court of Texas affirming a judgment of the District Court of Harrison County. The following entry appears in the record under date of December 21st, 1883:

"Appeal from Harrison.

"The Texas Pacific Railroad Company
*v.*
James Murphy.
} No. 422. Case 1111.

"Opinion of the court delivered by Mr. Justice Slayton. Mr. Chief Justice Willie not sitting in this cause.

"Motion of the appellant for a rehearing in this cause came on

to be heard, and the same having been considered by the court, it is ordered that the motion be overruled and the rehearing refused; that the appellant, the Texas Pacific Railway Company, pay all the costs of this motion."

On the 3d of January, 1884, the chief justice of the State indorsed his allowance on a petition presented to him for a writ of error from this court for a review of the record and proceedings in the suit, properly describing it, "in which a final judgment was rendered against the Texas and Pacific Railway Company on the 21st of December, A. D. 1883." The writ was issued on the 9th of January, describing the suit and the parties properly, but not giving the date of the judgment. The objection now made is that as the judgment entered on the 21st of December was only an order overruling a motion for a rehearing, which is not reviewable here, we have no jurisdiction.

In *Brocket* v. *Brocket*, 2 How. 238, it was decided that a petition for rehearing, presented in due season and entertained by the court, prevented the original judgment from taking effect as a final judgment, for the purposes of an appeal or writ of error, until the petition was disposed of. This record does not show in express terms when the motion for a rehearing was made, but it was entertained by the court and decided on its merits. The presumption is, therefore, in the absence of anything to the contrary, that it was filed in time to give the court control of the judgment which had been entered, and jurisdiction to enforce any order that might be made. This presumption has not been overcome.

The writ of error as issued is on its face for the review of the final judgment, not of the order refusing a rehearing. The judgment is sufficiently described for the purposes of identification. We are of opinion, therefore, that the judgment as entered on the 29th of May is properly before us for consideration. The motion to dismiss is overruled.

It was expressly ruled in *Brocket* v. *Brocket*, which has been followed in many cases since, that if a petition for rehearing is presented in season and entertained by the court, the time lim-

ited for an appeal or writ of error does not begin to run unti the petition is disposed of. *Slaughter House Cases*, 10 Wall 273, 289; *Memphis* v. *Brown*, 94 U. S. 715, 717. The mo tion for rehearing in this case was not decided until December 21st, and the writ of error was sued out and served within sixty days thereafter. This was in time to secure the superedeas.

*The motion to vacate is, therefore, overruled.*

The questions arising on the merits are not of a character to be disposed of on a motion to affirm.

*That motion is also denied.*