UNITED STATES ex rel. DASCOMB et al. v. BOARD OF TAX APPEALS OF THE UNITED STATES.

(Court of Appeals of District of Columbia. Submitted November 4, 1926. Decided December 6, 1926.)

No. 4504.

1. Internal revenue ⬢⟹25—Claim for abatement of taxes held not finally determined, for purpose of appeal, until notification of Commissioner's decision overruling protest against rejection (Revenue Act 1924, § 279[a], being Comp. St. § 6336½zz[6], and Regulations 65, art. 1211, promulgated under Revenue Act 1924, § 1001 [Comp. St. § 6371⅝d], and amended by T. D. 3708).

Under Revenue Act 1924, § 279(a), being Comp. St. § 6336½zz(6), and Regulations 65. art. 1211, promulgated under Revenue Act 1924, § 1001 (Comp. St. § 6371⅝d), and amended by T. D. 3708, claim for abatement of taxes *held* not finally determined, for purpose of appeal, until notification of Commissioner's decision overruling protest against rejection of claim.

2. Appeal and error ⬢⟹76(3)—Decision is not "final," for purpose of appeal, until disposition of application for rehearing or reconsideration seasonably made and entertained.

A decision is not "final," within meaning of statute providing for an appeal, until disposition of an application for rehearing or reconsideration, seasonably made and entertained.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final.]

3. Mandamus ⬢⟹73(1)—"Mandamus" is appropriate remedy to compel Board of Tax Appeals to take jurisdiction of appeal.

"Mandamus" is taxpayers' proper remedy to compel Board of Tax Appeals of the United States to take jurisdictions of appeal from a decision of the Commissioner of Internal Revenue.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mandamus.]

Appeal from the Supreme Court of District of Columbia.

Action for mandamus by the United States, on the relation of George A. Dascomb and another, sole transferees of the property of the Hilgard Lumber Company, a dissolved corporation, against the Board of Tax Appeals of the United States. From a decree dismissing the petition, relators appeal. Reversed and remanded.

J. W. Townsend and J. C. Peacock, both of Washington, D. C., for appellants.

Peyton Gordon, L. A. Rover, and A. H. Murray, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a judgment for the defendant in the Supreme Court of the District of Columbia dismissing the petition of the plaintiffs, appellants here, for a writ of mandamus to require the defendant, appellee here, to take jurisdiction of petitioners' appeal from a decision of the Commissioner of Internal Revenue.

[1] The facts are not in dispute and are as follows: On November 18, 1924, the Commissioner notified plaintiff by registered mail that its claim for abatement (section 279[a] of the Revenue Act of 1924, 43 Stat. 300, being Comp. St. § 6336¹/₆zz[6]) would be rejected at the expiration of 30 days from the date of the notification. Within 30 days, on December 15, 1924, in accordance with the Regulations, plaintiff filed a protest with the Commissioner, submitted therewith new evidence under oath, and requested a conference. Under date of December 27, 1924, the Commissioner replied to this letter of protest, fixing a date for a conference. The Commissioner's letter also contained the following:

"All data to be relied upon in connection with your protest, including affidavits as to facts and briefs of argument, should be filed at least five days prior to the date fixed for conference."

Owing to the illness of counsel for plaintiff, an oral hearing was waived.

On June 3, 1925, the following communication, signed by the Commissioner, was sent plaintiff by registered mail:

"Reference is made to your protest, dated December 15, 1924, against the allowance of your application for assessment of your profits tax under the provisions of section 328 of the Revenue Act of 1918, as set forth in bureau letter dated November 18, 1924. After a careful review of your protest and of all the evidence submitted in support of your contentions, you are advised that the bureau holds that the relief given by the above-mentioned office letter is sufficient to correct any abnormalities of income or capital, as indicated by comparison with the representative concerns specified in section 328 of the Revenue Act of 1918. Accordingly, the conclusions set forth in the above-mentioned letter are sustained. Your case is therefore deemed closed."

On July 29, 1925, plaintiff filed its appeal with the defendant, but this appeal was dismissed, on the ground that it was not filed within 30 days from November 18, 1924, the date of the Commissioner's original letter. Insisting that the case was not closed until June 3, 1925, the date of the final notification, plaintiff filed its petition for mandamus.

Agreeably to section 1001 of the Revenue Act of 1924 (43 Stat. 339 [Comp. St. § 6371⅚d]), the Commissioner, with the approval of the Secretary, promulgated Regulations 65. Article 1211 of these Regulations authorized the protest that was filed in this case. The article required such protest to be referred to the Income Tax Unit. If the taxpayer and the unit are unable to agree respecting the amount of the deficiency, "or if the taxpayer files a protest, but fails to request a conference before the Income Tax Unit, and the unit, upon examination of the data submitted by the taxpayer, does not agree as to his contentions, the letter of protest, together with the files of the case, will be transmitted by the Income Tax Unit to the Solicitor of Internal Revenue for consideration. * * * Opportunity for a hearing before the Solicitor of Internal Revenue, or before such representative of his office as he may designate, will be granted, if requested in the letter of protest, or within 20 days after the mailing of the copy of the letter of transmittal to the taxpayer. The Solicitor of Internal Revenue, after consideration of the case, will submit his recommendations to the Commissioner, and the taxpayer will be notified by registered mail of the Commissioner's final determination."

On May 22, 1925, the Commissioner, with the approval of the Secretary of the Treasury, promulgated T. D. 3708, amending article 1211 of Regulations 65, the material part of this decision reading as follows: "It appears advisable in the interests of simplification and efficiency to eliminate one of the three hearings which have been afforded to taxpayers prior to the final determination by the Commissioner, from which an appeal lies to the Board of Tax Appeals."

This Treasury Decision, therefore, elimi-

nated appeals to the Solicitor's Office, but provided that "all protests pending in the Income Tax Unit and not actually referred to the Solicitor prior to the effective date hereof will be carefully considered and an opportunity afforded for a hearing in the Income Tax Unit, if a hearing has not already been held. After consideration of the protest by the Income Tax Unit, final determination will be made and the taxpayer notified thereof by registered letter."

The theory of the defendant, as stated in the brief and oral argument, is that, because the letter of June 3, 1925, "does not change, modify, alter, or revoke the Commissioner's decision on the abatement claim as set forth in the letter of November 18, 1924, nor allude to the claim, such letter can in no sense be deemed to be the statutory notice of the Commissioner's decision thereon. All the letter purports to be is a courteous reply to the protest of the company against the Commissioner's decision of November 18, 1924."

We are unable to concur in this view. Under the regulations of the bureau, plaintiff had a legal right to file its protest of December 15, 1924, to introduce additional evidence, and invoke the decision of the Income Tax Unit. This right was recognized by the bureau in the letter of December 27, 1924, in which receipt of the protest was acknowledged and the request for a "conference" or hearing granted. The bureau's letter of June 3, 1925, is clearly inconsistent with the present contention, for it refers to the protest already filed in the case and contains the statement that, "after a careful review of your protest and of all the evidence submitted in support of your contentions," the bureau adheres to the position theretofore assumed. The letter concludes with these significant words: "Your case is therefore deemed closed."

[2] It is familiar law that a decision is not final, within the meaning of the statute providing for an appeal, until disposition of an application for rehearing or reconsideration seasonably made and entertained. St. Clair v. Conlon, 12 App. D. C. 161; Doyle v. District of Columbia, 45 App. D. C. 90; Texas P. R. Co. v. Murphy, 111 U. S. 488, 4 S. Ct. 497, 28 L. Ed. 492; Kingman v. Western Mfg. Co., 170 U. S. 675, 18 S. Ct. 786, 42 L. Ed. 1192; United States v. Ellicott, 223 U. S. 524, 32 S. Ct. 334, 56 L. Ed. 535. We rule, therefore, that the letter of June 3, 1925, marked the close of the case by the Commissioner, and that the appeal was seasonably filed.

[3] That mandamus is the proper remedy is equally plain. Int. Com. Com. v. Humboldt Steamship Co., 224 U. S. 474, 32 S. Ct. 556, 56 L. Ed. 849; Louisville Cement Co. v. Int. Com. Com., 246 U. S. 638, 38 S. Ct. 408, 62 L. Ed. 914; Kansas City Ry. v. Int. Com. Com., 252 U. S. 178, 40 S. Ct. 187, 64 L. Ed. 517. In the Louisville Cement Co. Case the Interstate Commerce Commission contended, as does the defendant here, that an appeal had not been seasonably noted. The court found that the Commission had erred in its interpretation of the law and awarded the writ, saying:

"The unusual and purely fortuitous circumstance, that the character of this jurisdictional limitation on the power of the Commission chances to be such that the giving of a correct construction to it must result in determining the character of the decision which the Commission must render when the case is returned to it, cannot affect the power of this court or that of the lower courts to define what that jurisdiction is under the act of Congress or the duty of the Commission to accept and act upon such definition when announced."

The judgment is reversed and cause remanded.

Reversed and remanded.