## SOUTHERN PAC. CO. v. SARTORIS et al.*

Circuit Court of Appeals, Ninth Circuit.
August 6, 1928.

Nos. 5453–5455.

1. **Appeal and error ⟲346(1)—Pendency of motion to vacate judgment suspended running of limitation on time for appeal and serving exceptions.**

Pendency of motion to vacate judgment, entered without notice, pursuant to mandate of Circuit Court of Appeals, operated to suspend running of statutory limitation on time for appeal from judgment and on time for serving bill of exceptions.

2. **Trial ⟲367—Court, as trier of fact, may consider mere estimates of value in light of circumstances and of common experience.**

Court, as trier of issues of fact, where jury trial is waived, may consider mere estimates of value especially where made by interested party, in light, not only of circumstances in evidence, but of common knowledge and experience.

3. **Appeal and error ⟲1207(2)—Where judgment of dismissal was reversed, with instructions to enter judgment for plaintiff for reasonable cost and compensation for construction work, defendant was entitled to notice and hearing.**

Where judgment of dismissal was reversed, with instructions to enter judgment in plaintiff's favor for reasonable cost of extra work and reasonable compensation for plaintiff's superintendence of construction work, defendant had right to be heard to urge considerations for reduction of amounts claimed by plaintiff, and action of court, in entering judgment without notice to defendant, was error.

4. **Appeal and error ⟲1207(2) — Mandate reversing judgment of dismissal, with instructions to enter judgment "on the record as it stands," required consideration of entire record in court below.**

Where mandate on reversal of judgment of dismissal required entry of judgment "on the record as it stands" for reasonable cost and compensation for plaintiff's superintendence of construction work, entire record in lower court was required to be considered in entering final judgment.

5. **Appeal and error ⟲1207(2)—After reversal of judgment of dismissal, further testimony could be taken under mandate as to amount of plaintiff's recovery pursuant to understanding at first trial.**

If, in action on construction contract, there was an understanding at the first trial that primary question of liability would first be determined, and trial court found such understanding existed, further testimony could be taken as to amount of recovery after reversal of judgment of dismissal, within mandate requiring entry of judgment for plaintiff for reasonable costs of work and compensation for superintendence.

6. **Appeal and error ⟲1207(2)—Opening of issue of amount of plaintiff's recovery after reversal of judgment of dismissal applies to both parties.**

In action on construction contract, in which judgment of dismissal was reversed, with instructions to enter judgment for plaintiff for reasonable cost of extra work and reasonable compensation for superintendence, opening of issue of amount of plaintiff's recovery for further evidence would apply to both parties.

Appeals from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Action by A. J. Sartoris against the Southern Pacific Company and the Utah Construction Company, in which defendant last named asserted a counterclaim. From a judgment in favor of plaintiff and in favor of the defendant last named on its counterclaim, and from an order refusing its motion to vacate, defendant first named appeals. Reversed, with directions.

Ford, Johnson & Bourquin, of San Francisco, Cal. (Frank C. Cleary, of San Francisco, Cal., and A. E. Stewart, of San Francisco, Cal., of counsel), for appellant.

Horace M. Street, of San Francisco, Cal., for appellee Sartoris.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

DIETRICH, Circuit Judge. The controversy underlying these appeals was decided by us in Sartoris v. Utah Construction Co. et al. (No. 5064) 21 F.(2d) 1. As will be noted, the original judgment of dismissal was there reversed, "with instructions to enter a judgment upon the record as it stands, in favor of plaintiff [Sartoris] and against the railroad company [appellant here], for the reasonable cost of the extra work called for by the new plans, exclusive of the concrete, which has already been paid for, the cost to include a reasonable compensation for plaintiff's superintendence, and dismissing the plaintiff's complaint against the construction company, with appropriate disposition of the construction company's counterclaim against plaintiff." The mandate was filed in the court below on October 17, 1927, and on the same day, without notice to the railroad company, that court, upon motion of counsel for Sartoris, entered a judgment in his favor and against the railroad company for $72,591.57, and against Sartoris in favor of the construction company, upon its counterclaim, for $66,591.57. On the following day written no-

*Motion for writ of certiorari for diminution of record granted; rehearing denied October 1, 1928.

tice of the entry of the judgment was served upon the railroad company.

Thereafter, on November 22, 1927, the railroad company noticed a motion to vacate the judgment, upon the ground (1) that the court was wanting in authority to enter any judgment without notice and an opportunity to the railroad company to be heard; and (2) that the judgment entered was excessive and not supported by the record. Sartoris having on November 30, 1927, interposed objections to this motion, the railroad company on December 15, 1927, asked leave to amend. To this request objections were made, but without ruling thereon the court, on February 11, 1928, denied the motion to vacate the judgment; whereupon the railroad company filed exceptions both to the judgment and the order denying the motion. It is, perhaps, of no importance, but it seems that subsequently, in the latter part of March, an order was made granting the railroad company's request to amend its motion, and pursuant to stipulation and with the approval of the court the amended motion was deemed to have been filed and denied as of February 11th. Of date February 21, 1928, the railroad company took three separate appeals, the first a joint appeal from both the judgment and the order denying its motion to vacate, and the other two separate appeals from the judgment and order.

[1] Sartoris moves to dismiss the appeal from the judgment upon the ground that it was not taken within the three months allowed by law, and the appeal from the order upon the ground that such an order is not appealable. Admittedly the appeal from the judgment was seasonably filed, if the pendency of the motion to vacate operated to suspend the running of the statutory limitation, and that such was its effect we think is well settled. Morse v. U. S., 270 U. S. 151, 46 S. Ct. 241, 70 L. Ed. 518; Brockett v. Brockett, 2 How. (43 U. S.) 238, 11 L. Ed. 251; Railroad Co. v. Bradleys, 7 Wall. (74 U. S.) 575, 19 L. Ed. 274; Memphis v. Brown, 94 U. S. 715, 24 L. Ed. 244; Kingman v. Western City Mfg. Co., 170 U. S. 675, 18 S. Ct. 786, 42 L. Ed. 1192; U. S. v. Board, 16 F.(2d) 337. The suggestion is made that a distinction may be found in the fact that here the judgment was entered pursuant to a mandate. Of course, if the judgment was such as the mandate required, the District Court was without authority to modify it or set it aside. But manifestly such an assumption begs the question.

The considerations leading to a denial of this motion to dismiss would seem to require disallowance of the motion to strike from the record appellant's bill of exception upon the ground that it was not seasonably served. That being true, no necessity is apparent for deciding whether or not the order denying the motion to vacate is appealable.

[2, 3] Upon the merits, we are of the opinion that it was error to enter the judgment without notice to the railroad company and giving it an opportunity to be heard. It is not a case where the mandate required the entry of a specific judgment. Had we been of the opinion that the record was clear and susceptible to but one conclusion, naturally we would have directed that judgment be given for a specific sum. The direct testimony may not exhibit substantial conflicts, but as the trier of issues of fact the District Court was and is not bound to accept such testimony at its full face value. Very properly it may consider mere estimates of value, especially where they are made by an interested party, in the light, not only of the circumstances in evidence, but of common knowledge and experience. Such is the right of a jury, and such is the right and duty of the trial court, where, as here, jury trial is waived. That being the case, it was the right of the railroad company to urge upon the court all legitimate considerations for a reduction of the amounts claimed by the plaintiff, and for that purpose it should have had an opportunity to be heard.

[4] In the light of the contention now made by affidavit and otherwise, it may be that the phrase in the mandate, "on the record as it stands," is wanting in certainty. Not then having our attention drawn to the point, we may have assumed that the printed record upon the original appeal exhibited all the proceedings in the court below, including the substance of all the evidence; and we are not fully convinced by the showing now made that such was not the case. Plainly the intent was to avoid the expense of another trial de novo, and that the lower court should enter such a judgment as it would have felt constrained to enter in the first place, had it then entertained a view of the legal rights of the parties in accord with the conclusion we reached. If, in the phrase noted, we had in mind the printed record, that was only because we assumed the record in the District Court, upon the issues left open for findings of fact, to be identical therewith. To avoid any further uncertainty, we now explicitly hold that the mandate should be construed as referring to the entire record in the court below.

[5, 6] Though no application was made for a modification of the original opinion, or for an amendment of the mandate, the railroad company, by its amended motion to vacate, for the first time urged, and it now urges, that at the former trial there was an understanding, approved by the court, that the primary question of liability would first be determined, and, if the decision thereon was adverse to it, evidence would thereafter be taken upon the question of the amount plaintiff should recover. While we may doubt the correctness of this contention, the lower court is in a better position justly to pass upon it, and if it finds that such was the understanding, and appellant acted upon it, the taking of further testimony within the scope thereof should be held to be within the spirit and intent of the mandate. But, it is to be added, such course is not authorized, if counsel for appellant, without such understanding and such approval of the court, refrained from putting in the desired evidence merely because of their confidence of success upon the primary issue of liability. And of course, if this issue is opened for further evidence, it is to be open for both parties.

Reversed, with directions for further proceedings in harmony herewith and with the original mandate as herein construed.