**SHARE et al. v. UNITED STATES.**

No. 9024.

Circuit Court of Appeals, Eighth Circuit.

June 5, 1931.

E. S. Cary, of Minneapolis, Minn. (A. M. Cary, of Minneapolis, Minn., and Thomas J. Newman, of St. Paul, Minn., on the brief), for appellants.

O. A. Blanchard, Asst. U. S. Atty., of St. Paul, Minn. (Lewis L. Drill, U. S. Atty., and Robert V. Rensch, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

BOOTH, Circuit Judge.

The appellants, defendants below, were tried and convicted under the count of an indictment which charged them with unlawfully transporting intoxicating liquor. Verdict was entered December 2, 1929. Separate judgments and sentences were entered and filed April 12, 1930. Notice of appeal was served on opposing counsel and filed June 26, 1930. Petition for allowance of appeal was presented and filed, and order of allowance

670

and assignment of errors were filed, all on the same day, August 26, 1930.

The record does not disclose that any motion for new trial was entertained by the trial court or filed; and it is conceded that none in fact was entertained or filed.

The statutory provisions governing the taking of appeals contain the following (28 USCA § 230): "Time for making application for appeal or writ of error. No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree." (Mar. 3, 1891, c. 517, § 11, 26 Stat. 829; Feb. 13, 1925, c. 229, § 8 [c], 43 Stat. 940.)

It is apparent from the record that no application for allowance of an appeal was made within the statutory period. Act of April 26, 1928 (28 USCA § 861b). The notice of appeal was not effective for that purpose.

The requirements of the statute above quoted are jurisdictional, and cannot be avoided by consent, waiver, or by an order of the trial court allowing an appeal after the expiration of the time, unless the statute has been tolled by the entertaining of a motion for new trial timely made. Robie v. Hart, Schaffner & Marx, 40 F.(2d) 871 (C. C. A. 8), and cases cited.

After this appeal was submitted, and after the foregoing portion of this opinion was written, counsel for appellant, with consent of counsel for appellee, furnished this court with a statement of associate counsel for appellant to the effect that between the 26th of June, and the 11th of July, 1930, he went to Duluth and presented to the trial judge an application for an allowance of an appeal; that the application for the appeal, with other papers in the appeal, were submitted at said time, but the allowance was not had until the 26th of August, 1930. Judge Cant, the trial judge, has signed a certificate that the statement of counsel is correct "with the understanding, however, that the papers therein referred to were not left with me on any of the dates mentioned in said statement."

We do not think that the facts thus disclosed in the statement of counsel, and in the certificate of the trial judge, are sufficient to alter the conclusion which we have heretofore reached. There is no showing that any assignment of errors was among the appeal papers submitted to Judge Cant at the Duluth interview. It is clear that no such document was filed at that time, or left with the judge. The assignment of errors was not filed until August 26, 1930. Why no papers were filed or left with the judge, we are not advised; but it is clear that for some reason the petition for appeal, accompanied by the assignment of errors, was not finally submitted to the trial judge for action at that time; nor is there any suggestion that counsel seeking the appeal, at the time of the Duluth interview, had done all that he was required to do in order to have the appeal allowed, and that the delay was due solely to inaction by the court.

Rule 11 of this court provides that no appeal shall be allowed until an assignment of errors shall have been filed. Compliance with this rule is a prerequisite to a hearing in the appellate court.

In Frame v. Portland Gold Min. Co. (C. C. A.) 108 F. 750, it was held: "The filing of an assignment of errors before the issue of a writ of error is indispensable, under the eleventh rule of the circuit courts of appeals (32 C. C. A. cxlvi), and the writ will be dismissed if the assignment is not filed before it issues."

The same ruling had been made in the earlier case of Union Pac. Ry. Co. v. Colo. Eastern Ry. Co. (C. C. A.) 54 F. 22, and was adhered to in Reeder v. Morton-Gregson Co. (C. C. A.) 296 F. 785.

We see no reason in the present case for departing from the rule.

In view of the foregoing facts, and for the reasons stated, the appeal is hereby dismissed.