### UNITED STATES v. NEW NATIONAL COAL & MINING CO.
### No. 5188.

Circuit Court of Appeals, Seventh Circuit.
July 12, 1934.

Paul F. Jones, of Danville, Ill., and J. Fred Gilster, of East St. Louis, Ill., for the United States.

Chase Morsey, of St. Louis, Mo., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

Appellee moves to dismiss the appeal because of appellant's alleged noncompliance with title 28, § 230, U. S. C. (28 USCA § 230), providing that no appeal shall be allowed unless application therefor be duly made within three months after the entry of the judgment or decree, and for noncompliance with rule X of this court, which pro-

vides: "1. No appeal shall be allowed until appellant has filed with the clerk of the District Court, with his petition for appeal, an assignment of errors, which shall specify separately and particularly each error asserted and intended to be urged."

The facts appearing from the record are:

September 16, 1933, judgment against appellant was entered.

November 3, 1933, appellant filed with the clerk of District Court notice that it would appeal from the District Court to the United States Circuit Court of Appeals for the Seventh Circuit.

February 21, 1934, appellant filed with clerk of District Court petition to grant an appeal from the judgment. The petition is dated November 2, 1933, and has an affidavit attached stating that on November 2, 1933, notice was mailed to East St. Louis, Ill., addressed to appellee's attorney.

February 21, 1934, appellant's assignment of errors was filed with the clerk of the District Court.

February 21, 1934, the District Court entered an order allowing the appeal and directing certified transcript to be transmitted.

February 21, 1934, præcipe for record was filed with the District Court.

It thus appears that well over five months elapsed between the date of judgment and the date of filing assignment of errors and entering order allowing appeal. Also that more than three and one-half months elapsed between filing of the notice of and motion for appeal and the date of the allowance of appeal and filing of assignment of errors.

Appeal is granted to a losing party on condition that he complies with the terms of the law whereby it is authorized. It is he who seeks relief from the operation of a judgment or decree against him, and it devolves on him to act to that end. Merely declaring that he will appeal does not of itself amount to taking an appeal; nor does the mere filing of a petition for appeal have that effect. The filing of the petition for appeal avails nothing unless within the statutory time allowed for taking the appeal it is brought to the attention of the judge for action thereon. Nothing here appears to indicate any degree of diligence whatever on the part of appellant to bring itself within either rule X or the statute.

Appellant must be held to have known of the existence of rule X of this court, and that by virtue of it the court was prohibited from granting an appeal unless appellant present-

ed with the application for appeal its assignment of errors. It must thus be held to have known that the mere notice of an appeal, or the filing of an application therefor, could not alone, under operation of rule X, have conferred any right to the appeal. This emphasizes the conclusion here that the filing of the notice and application for the appeal under the indicated circumstances, without doing anything further within the statutory period, did not amount to an application for the appeal within the statutory three months after entry of the judgment.

The above is well supported by decisions of federal courts in cases where the facts are strikingly similar to those here. Von Holt v. Carter, 56 F.(2d) 61 (C. C. A. 9); Share v. United States, 50 F.(2d) 669 (C. C. A. 8); Ross v. White, 32 F.(2d) 750 (C. C. A. 6), and the cases there cited.

We have no alternative but to allow the motion, and the appeal is accordingly dismissed.