## MAHAN et al. v. SPARKS et al.

### No. 4786.

District Court of Alaska. Fourth Division. Fairbanks.
June 8, 1942.

Harold Banta, of Baker, Or., and Maurice T. Johnson, of Fairbanks, Alaska, for plaintiffs.

Julien A. Hurley, of Fairbanks, Alaska, for defendants.

PRATT, District Judge.

I. This is an action of an equitable nature to quiet title to water rights. Judgment was entered in favor of the defendants upon the 14th day of February, 1942.

On May 11, 1942, the plaintiffs filed in this case a notice of appeal which was addressed to the defendants and their attorney. It notified them that the plaintiffs thereby took an appeal from the above-mentioned judgment to the United States Circuit Court of Appeals for the Ninth Circuit. The notice was evidently drawn to comply with Rule 73 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

██ As said Rules of Civil Procedure just mentioned do not apply to Alaska (O'Brien's Manual of Appellate Procedure, Third Edition, 1941, page 123), it becomes necessary to determine whether this notice, which in no way requested any action on the part of the court, can suffice as a petition for an appeal.

In the case of Robie v. Hart, Schaffner & Marx, 8 Cir., 1940, 40 F.2d 871, a notice of appeal similar to that served in this case was under consideration. The court held, page 872 of 40 F.2d: "This 'notice' was not intended to be an application or petition for an appeal, is not such in fact, and cannot be given that effect. This statute requires an 'application' for the appeal. While courts should be rather liberal in construing that word, yet they are not at liberty to

disregard its reasonable meaning, which, in this usage, necessarily carries the element of request. The circumstance that the trial court, after the three months, issued a citation based thereon, cannot supply the statutory requisite nor void the statutory meaning of the above word. Nor can the filing of briefs on the merits by appellee correct this situation, as being a consent or waiver. The requirements of this section are mandatory and jurisdictional, and not to be avoided by consent, waiver, or, even, order of court. * * * "

To the same effect are the following cases: Share et al. v. United States, 8th Cir., 1931, 50 F.2d 669; Osborn v. United States, 4th Cir., 1931, 50 F.2d 712; United States v. New National Coal & Mining Co., 7th Cir., 1934, 72 F. 2d 168; Vaughan v. American Ins. Co. of Newark, N. J., 5th Cir., 1926, 15 F.2d 526 (wherein notice of intention to appeal was held not to be a petition for an appeal).

II. On May 15, 1942, the defendants filed in the cause and presented to the court a petition for an appeal in this case.

A judgment having been entered upon the 14th day of February, 1942, there arises the question as to whether or not this petition for an appeal was filed within the three-months period allowed by law for the filing of an application for an appeal.

The Code of Civil Procedure, section 488, 31 Stat. page 412; Carter's Alaska Code, page 248; section 3275, Compiled Laws of Alaska, 1933, provides: "The time within which an act is to be done, as provided in this code, shall be computed by excluding the first day and including the last, unless the last day fall upon a Sunday * * * or other legal holiday, in which case the last day shall also be excluded. The time for the publication of legal notices shall be computed so as to exclude the first day of publication and to include the day on which the act or event of which notice is given is to happen or which completes the full period required for publication."

■

In a general act, approved February 13, 1925, to amend the Judicial Code relative to the jurisdiction of Circuit Courts of Appeal and of the Supreme Court, it was provided in section 8(c), 43 Stat., page 940, 28 U.S.C.A. § 230: "No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

This act is now in force in Alaska.

■ Assuming said act to be governed by the provisions of section 3275, C.L.A. 1933, as to computation of time, the day on which the judgment in this case was entered, to wit, February 14, 1942, and upon which the plaintiffs could have taken an appeal therefrom, should be excluded in computing the three months within which an application for an appeal must be filed. The month, then, would have commenced with the beginning of February 15th and would have ended with the end of the fourteenth of each succeeding month. Thus, the 15th day of May was the beginning of the fourth month after the entry of the judgment in this case.

Section 3275, Compiled Laws of Alaska, 1933, aforesaid, was taken from the laws of Oregon, the Supreme Court of which has interpreted the same consistent with the interpretation above mentioned. Pringle Falls Electric Power & Water Co. v. Patterson et al., 1912, 65 Or. 474, 128 P. 820, 132 P. 527; Boothe v. Scriber, 1906, 48 Or. 561, 87 P. 887, 90 P. 1002; Sherwood v. State Industrial Accident Commission, 1940, 164 Or. 674, 103 P.2d 714; Osborne v. Zimmerman, 1940, 165 Or. 92, 105 P.2d 1097.

If said Act of Congress, approved February 13, 1925, is not considered to be within the Alaska Code and governed by the rule of interpretation set forth in said section 3275, Compiled Laws of Alaska, 1933, the result is just the same. Freeman v. Pew, 61 App.D.C. 223, 59 F.2d 1037; Burnet Com'r of Internal Revenue v. Willingham Loan & Trust Co., 282 U.S. 437, 51 S.Ct. 185, 75 L.Ed. 448; In re Hamilton, 7 Cir., 29 F.2d 281; Walters et ux. v. Baltimore

& O. R. Co., 3 Cir., 76 F.2d 599; Wheeler v. Lumbermen's Mut. Casualty Co. et al., D.C., 6 F.Supp. 532.

As the provisions of section 230, 28 U.S.C.A., are mandatory and jurisdictional, the court has no power to grant a petition for an appeal which has not been filed within the statutory time.

III. (a) On February 14, 1942, but after the judgment had been entered in this cause, the plaintiffs filed a motion for a new trial. Findings of fact and conclusions of law had been duly entered in this cause upon the 9th day of February, 1942.

Section 227 of the Act of Congress, approved June 6, 1900, 31 Stat. 366; section 3646, Compiled Laws of Alaska, 1933, provides that a motion for a new trial shall be filed within three days "after giving the verdict or other decision sought to be set aside". Excluding the 9th of February, the plaintiffs had the 10th, 11th, and 12th days within which to file a motion for a new trial. As the 12th of February was a holiday, the time was extended until and including the 13th day of February, 1942. As it was not filed until February 14, 1942, it was not permitted by law and was overruled as being filed too late.

(b) On February 16, 1942, plaintiffs filed a motion entitled "Motion for New Trial and Alternative Motion to Vacate Judgment". The court refused to consider the same as a motion for a new trial when the same was called up for hearing upon the 6th of March, 1942, but did then and there consider and deny the same as a motion to vacate the judgment.

The plaintiffs maintain that said motion to vacate the judgment suspended the running of the time within which an appeal might be taken until ruling thereon, to wit, March 6, 1942, and that, therefore, the petition for an appeal was filed and presented within the three-month period required by law. The motion to vacate is stated to be on the ground that the judgment was taken against the plaintiffs through surprise and excusable neglect. It is based upon section

3457, Compiled Laws of Alaska, 1933 (section 93, 31 Stat. page 346), which is as follows: "The court may likewise, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

The last-mentioned section was taken verbatim from the laws of Oregon and made a part of the Code of Civil Procedure for Alaska by the Act of Congress of June 6, 1900. Consequently, the decisions of the courts of Oregon as to said section are of special interest.

(c) The plaintiffs rely upon the cases of Washington, Georgetown & Alabama Railroad Company v. Bradleys, 7 Wall. 575, 74 U.S. 575, 19 L.Ed. 274; Suggs v. Mutual Ben. Health & Accident Ass'n, 10 Cir., 115 F.2d .80; Southland Industries, Inc. v. Federal Communications Commission, 69 App.D.C. 82, 99 F.2d 117; Southern Pac. Co. v. Sartoris et al., 9 Cir., 27 F.2d 852; and other Supreme Court and federal cases of similar import.

An examination of the above-mentioned cases will show that in them a motion for a new trial in law cases or for a rehearing in equity cases had been filed according to law. Of course, in such cases the statutes themselves suspended the operation of the judgments and therefore stopped the running of the limitation for appeal until a ruling on the motion for a new trial or rehearing.

In Kingman & Co. v. Western Manufacturing Company, 170 U.S. page 675, 18 S.Ct. 786, 42 L.Ed. 1192, it is shown that the original judiciary act of September 24, 1789, carried forward into section 726, R.S.U.S. and section 987 R.S.U.S., 28 U.S.C.A. §§ 391, 840, caused the ruling that a motion or petition for a rehearing, which was seasonably filed, suspended the running of the time limited for tak-

ing a writ of error or appeal until the motion or petition was disposed of, as held in the cases of Brockett et al. v. Brockett, 2 How. 238, 43 U.S. 238, 11 L.Ed. 251; Texas Pacific Railway Company v. Murphy, 111 U.S. 488, 4 S.Ct. 497, 28 L.Ed. 492; City of Memphis v. Brown, 94 U.S. 715, 24 L.Ed. 244; Northern Pacific Railroad Company v. Holmes, 155 U.S. 137, 15 S.Ct. 28, 39 L.Ed. 99. Much to the same effect is the case of Gearin et al. v. Portland Ry., Light & Power Co., 62 Or. 162, 124 P. 256.

In 4 C.J.S., Appeal and Error, § 441, page 901, the rule is stated: "Some statutes, in view of their language and the rules of construction applicable thereto, operate in such manner that, if a motion or petition for rehearing, re-argument, or new trial, or the like is made or presented properly and in due season, and is entertained by the court, the time limited for taking or perfecting an appeal, writ of error or other proceeding for review does not begin to run until such motion or petition is disposed of, the judgment or decree not taking final effect for the purposes of the ap-peal or writ of error until that time. Even under such stat-utes, however, other motions not within the purview of the statute, and the pendency of which can in no way affect the character of the previously entered judgment, are not with-in the rule postponing the running of the time limit on this account, although it is otherwise, of course, where the mo-tion, notice, or the like, whatever it is styled, is in substance and effect a motion for a new trial, or petition for rehearing considered and disposed of as such. Moreover, the motion or application for new trial, rehearing, or the like must have been made or the requisite steps, specified by statute, look-ing to its inception, must have been taken in the time and manner required for that purpose, and, if not made or taken until later, or if made in some different manner, so that it is a nullity, does not affect the time within which appeal will lie; * * *."

The plaintiffs maintain that the case of Southern Pac. Co. v. Sartoris et al., 9 Cir., 27 F.2d 852, 853, considered a.

motion to vacate the judgment similar to that filed by them in this case.

In that case a mandate from the appellate court requiring further proceedings on the part of the trial court was filed in the trial court and judgment immediately entered thereon without notice to the railroad company. The railroad company filed a motion to vacate the judgment on the grounds "(1) that the court was wanting in authority to enter any judgment without notice and an opportunity to the railroad company to be heard; and (2) that the judgment entered was excessive and not supported by the record."

On motion to dismiss the appeal on the ground that it had not been taken within the three months allowed by law, the court said: "Admittedly the appeal from the judgment was seasonably filed, if the pendency of the motion to vacate operated to suspend the running of the statutory limitation, and that such was its effect we think is well settled. Morse v. U. S., 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518; Brockett v. Brockett, 2 How. [238], 43 U.S. 238, 11 L.Ed. 251; [Washington, Georgetown & Alabama] Railroad Co. v. Bradleys, 7 Wall. [575], 74 U.S. 575, 19 L.Ed. 274; Memphis v. Brown, 94 U.S. 715, 24 L.Ed. 244; Kingman & Co. v. Western City Mfg. Co., 170 U.S. 675, 18 S.Ct. 786, 42 L.Ed. 1192; United States v. Board [of Tax Appeals, 56 App.D.C. 392], 16 F.2d 337. * * * "

Most motions for a new trial pray that the judgment be vacated and a new trial granted, and it is clear from the facts in the above case, as well as from the authorities cited, that the motion which the railroad company filed was not a motion such as is filed in this case to vacate a judgment on the ground of surprise or excusable neglect, but is, in effect, a motion for a new trial, if, in fact, it was not so designated.

Section 3699, Compiled Laws of Alaska, 1933, provides:

"Second. When, within the time allowed to file a motion for new trial, either party shall file a motion for a particular judgment or for judgment notwithstanding the verdict or decision; or

"Third. When a motion for new trial is filed within the time prescribed, the entry of judgment shall be thereby delayed until the motion is disposed of; * * *" Act of Congress, approved June 6, 1900, 31 Stat. 371.

Section 3457, Compiled Laws of Alaska, 1933, which was also a part of the Act of Congress, approved June 6, 1900, provided: "The court may likewise, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

Inasmuch as care was taken to provide by statute that filing of motions for a new trial, for a particular judgment, or for judgment notwithstanding the verdict, should delay the entry of judgment until the motion was disposed of, the omission of such a provision with reference to the effect of filing a motion to set aside a judgment for surprise or excusable neglect, clearly indicates that it was not contemplated such motion should delay the entry of judgment. The delay of the entry of judgment would, of course, have the effect of suspending the running of the time limited for an appeal. Gearin v. Portland Ry., Light & Power Co., 62 Or. 162, 124 P. 256.

If plaintiffs' theory were correct, they could wait until February 14, 1943, within which to file a motion to vacate the judgment of February 14, 1942, and still have three months within which to take an appeal from the original judgment. No reason appears why a negligent or surprised person should have one year and three months within which to appeal, whereas the diligent litigant is given only three months.

The general rule is stated in 4 C.J.S., Appeal and Error, page 908, § 442: "The rule prevailing generally is that the

pendency of a motion to vacate or modify a judgment or order, validly existing and operative does not postpone, defer, or affect the commencement or continuance of the time prescribed by statute or rule of court for the taking of an appeal or the institution of other proceedings for review; * * * ."

In Alvarado et al. v. Stanton et al., 1928, 204 Cal. 172, 173, 267 P. 313, plaintiffs maintain that the motions to vacate the judgment extended the time for appeal. The court held (page 314 of 267 P.): "That is not the law. The proceeding authorized by sections 663 and 663a, supra, has no connection with an appeal from a judgment. It in no manner or degree affects or controls the latter proceeding. * * * Such a motion is not a proceeding on motion for a new trial, and does not extend the time within which an appeal must be taken from the original judgment. * * * "

The case of Modoc Co-operative Ass'n v. Porter, 1909, 11 Cal.App. 270, 104 P. 710, is to the same general effect, and further, as stated in syllabus No. 2: "The remedy given by Code Civ. Proc. § 663, authorizing a motion in the court rendering a judgment to set the judgment aside, and enter another judgment and the remedy by appeal from the judgment, are independent, and the former remedy does not affect the latter."

In Spotton v. Superior Court et al., 1918, 177 Cal. 719, 171 P. 801, petitioner claimed that his time for appeal was extended by the pendency of motions, under sections 663 and 663a of the Code, for setting aside the judgment. The court held: "This motion was not decided until some time in March, 1917. Such a motion is not a proceeding on motion for new trial, and the pendency of such a motion is altogether immaterial in determining the time within which an appeal must be taken. That question is determined in clear and unambiguous terms by the provisions of section 939 of the Code of Civil Procedure, and the proceeding on motion for new trial therein referred to is the proceeding covered by sections 656 to 660 of the Code of Civil Procedure. Our

law gives a separate appeal from an order made by the court on the motion referred to in sections 663 and 663a of the Code of Civil Procedure."

In California Delta Farms, Inc., v. Chinese American Farms, Inc., 1927, 201 Cal. 201, 255 P. 1097, a motion to vacate the judgment under section 663 had been filed. The court held (page 1098 of 255 P.) with reference to sections 663 and 663a: "These sections were not designed to affect the remedy by appeal existing before their enactment, but were intended to provide a remedy in addition thereto."

In Blaemier et al. v. Barnes, 1910, 172 Ind. 657, 91 N.E. 232, where the statute provided that a motion for new trial which was duly filed suspended the running of the limitation for appeal until the overruling of the motion for new trial, the court held: "Other motions will not have the effect of postponing the time for taking the appeal. * * * It is evident that the motion in arrest of judgment made in this case did not postpone the time for taking the appeal. * * * *"

In Miller v. Prout et al., 1920, 32 Idaho 728, 187 P. 948, the Idaho statute, section 6726, provided that the court might relieve a party from a judgment taken against him through his mistake, inadvertence, etc. It was held that a proceeding under said section was concurrent with the right of appeal and did not extend the time for appeal from the judgment. This case was followed in Baldwin v. Anderson, 1932, 51 Idaho 614, 8 P.2d 461.

It, therefore, appears that the pendency of a motion to vacate a judgment for surprise or excusable neglect, under the statute above mentioned, does not suspend the running of the time limited for taking an appeal from the main judgment.

IV. The February, 1941, term of this court, expired with the 25th day of February, 1942. With February 26, 1942, commenced the next term of court, designated the February, 1942, term.

On February 16, 1942, the plaintiffs filed herein their motion to vacate the judgment upon the ground of surprise or excusable neglect in that they were surprised at having their motions for continuances overruled. It was brought on for hearing at the next term of court, to wit, upon March 6, 1942, and that day denied. The matters set forth in the affidavits supporting the motion to vacate the judgment on the ground of surprise or excusable neglect are the identical matters set up to support the motions for continuances.

Section 3457, Compiled Laws of Alaska, 1933, authorizing the vacation of the judgment upon the ground of surprise or excusable neglect was section 93 of the Act of Congress approved June 6, 1900, 31 Stat., page 346. It was taken verbatim from the Oregon laws. Hill's Code, section 102, the same being section 103, Lord's Oregon Laws; section 1-907, Volume 1, Oregon Code, 1930. Consequently, the decisions prior to June 6, 1900, relative to such a statute are most persuasive.

In William Deering & Co. v. Creighton et al., 1895, 26 Or. 556, 38 P. 710, the defendants stood upon their demurrer to the complaint, intending to take an appeal. The sheriff neglected to serve the notice of appeal, and an application to vacate the judgment was made under section 102, Hill's Code. The court held: "It cannot be successfully contended that there was any mistake, inadvertence, surprise, or excusable neglect on the part of the defendants when they elected to rely upon their demurrer to the complaint, and suffered judgment to be rendered against them for want of an answer. 'A motion or proceeding,' says Mr. Black in his work on Judgments (section 330), 'to vacate or set aside a judgment cannot be sustained on any grounds which might have been pleaded in defense to the action, and could have been so pleaded with proper care and diligence.' Relief will not be granted when a party has knowingly acquiesced in the judgment complained of, or has been guilty of laches and unreasonable delay in seeking his remedy. Craig v. Wroth, 47 Md. 281; Elder v. Bank, 12 Kan. 242. The defendants had an opportunity to plead to the complaint, but they vol-

untarily declined to do so, and consented to and knowingly acquiesced in the judgment which was rendered. The liberal provisions of the statute above quoted are intended for the benefit of those who, by reason of any of the causes there assigned, have not had their day in court."

In Nelson et al. v. Meehan et al., 9 Cir., 1907, 155 F. 1, 10, 2 Alaska Fed. 799, 12 L.R.A.,N.S., 374, a decree was entered in favor of the plaintiffs. Before the expiration of a year, the defendants filed their motion to vacate the judgment on the ground that plaintiffs' testimony was false in claiming to have sunk shaft number three to bedrock and that the defendants had not discovered the true state of affairs until after the trial. Counter affidavits were filed, and the judge personally inspected the shaft. He sustained the motion and set the decree aside. The court held:

"Defendants contend, however, that power to vacate the judgment existed under the Alaska Codes. It is therein provided that a District Court may in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment or order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. Section 93, Alaska Code Civ. Proc. Defendants have failed to make a satisfactory showing under any of the enumerated grounds of this statute. The issue tried in the original suit was narrowed to whether the plaintiffs sunk hole No. 3 to bedrock. Their verified complaint alleged that they had, and defendants by their answer denied that they had; so that the controversy, as was stated by Judge Hawley in the opinion of the court in Meehan v. Nelson, supra, was 'confined solely to hole No. 3. Was it sunk to bedrock?' Defendants went into the trial of the cause knowing precisely what plaintiffs would have to swear to to prevail, and they met the issues presented, but were defeated. They were not surprised, there was no inadvertence or mistake, and they are not to be relieved now if they omitted to produce evidence they might have procured. Having tried the

merits of their suit, if the term is over, they are estopped by the conclusion of the court. The affidavits filed in support of and against the motion to vacate are a continuation of conflicting testimony upon the identical issues tried before. * * * and no statutory ground for vacating the decree appearing, it will not do for them now to seek to retry the issues already passed upon. The litigation should be ended.

"For the reasons already given, the appeal is dismissed."

■ From the above, it appears that the motion to vacate the judgment filed herein merely reiterates the matters set forth in the motions for continuances before the trial, and that, therefore, it does not constitute a motion for the vacation of a judgment under section 3457, C.L.A., 1933. Thus, even if a motion for the vacation of a judgment, under said section 3457, would extend the time for appeal from the main judgment, the motion filed by the plaintiffs in this case would not have that effect.

V. At no time have the plaintiffs filed any assignments of error in this case.

Rule 9 of the Supreme Court, 28 U.S.C.A. following section 354, requires that assignments of error be filed before an appeal is allowed. Rule 9 of this Circuit Court of Appeals provides that the practice shall be the same as in the Supreme Court, as far as the same may be applicable.

■ This court would be justified and required to deny the appeal in this case, because no assignments of error have been filed. Tyee Consol. Min. Co. v. Langstedt, 9 Cir., 121 F. 709, 2 Alaska Fed. 53; Savings & Loan Soc. et al. v. Davidson et al., 9 Cir., 97 F. 696; Randolph v. Allen et al., 5 Cir., 73 F. 23; Simpson v. First Nat'l Bank of Denver, 8 Cir., 129 F. 257; 4 C.J.S., Appeal and Error, page 950, § 479.

An order denying said petition for appeal should, therefore, be entered.