**FLEMING v. BORDERS et al.**
**Nos. 11670, 11672–11678.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 15, 1947.

Ed Dupree, Acting General Counsel, Hugo V. Prucha, Chief Litigation Unit, Irving M. Gruber, Chief Appellate Atty., and Nathan Siegel, Sp. Appellate Atty., Office of Housing Expediter, all of Washington, D. C., for appellant.

No appearances for appellees.

Before DENMAN, BONE and ORR, Circuit Judges.

DENMAN, Circuit Judge.

Each of these cases was brought below by Philip B. Fleming, Administer of the Office of Price Administration, for injunctions against violations of the Housing Rent Regulations under the Emergency Price Control Act of 1942, as amended, 50 U.S.C. A. Appendix, § 901 et seq., for recovery of rents over-collected and for treble damages. In one of them a motion for dismissal was filed on the ground, inter alia, that the plaintiff had no legal capacity to sue.

In the case of Fleming, Administrator, etc., v. Findlay and Lenske, brought in the district court below for similar rent regulation violations, the district judge on February 15, 1947, filed his opinion stating, "I am dismissing this case which is one of several that have recently been filed so that the authority of General Fleming can be tested in an appellate court, if that is OPA's wish," and giving as the ground of dismissal that Fleming's appointment as such administrator had not been confirmed by the Senate and hence he had no power to sue for the alleged violations.

In the Findlay and Lenske case judgment of dismissal was entered on February 26, 1947. It was followed by judgments of dismissal in these other cases, five of them by the court sua sponte, on March 6, 1947. On March 17, 1947, Fleming appealed in the Findlay and Lenske case, an appeal this day decided reversing the judgment. Fleming v. Findlay, 9 Cir., 165 F.2d 79.

On April 28, 1947, the Supreme Court decided the case of Fleming v. Mohawk Co., 331 U.S. 111, 67 S.Ct. 1129. On May 16, 1947, Fleming, in each of the eight cases here on appeal, moved "the Court to vacate the judgment and dismissal in the above case and to reinstate the case on the docket," and in his points and authorities quoted some six pages of the Supreme Court's opinion in the Mohawk

case. On May 22, 1947, the court entered its orders continuing the hearings of the motions in each case, as follows: "Now at this day It is Ordered that the hearing on the motion of the plaintiff to vacate judgment and reinstate this cause on the docket of this court be and it is hereby continued for future hearing."

Fifteen days later, on June 5, 1947, without seeking a date for the further hearings of his motions, Fleming appealed to this court in each of the eight cases. On August 25, 1947, we ordered the substitution of Frank R. Creedon, Housing Expediter, Office of Housing Expediter, as appellant in place of Fleming in all the eight appeals.

From the above recital, this court is required to consider, sua sponte, whether in these eight appeals from the judgments of dismissal each is from the "final decision" upon which rests our jurisdiction under 28 U.S.C. § 225, 28 U.S.C.A. § 225. We are of the opinion that the judgments are not such final decisions and that we have not acquired jurisdiction to entertain them.

It is apparent from the district court's opinion in the Findlay and Lenske case that it sought our decision on the question of Fleming's right to enforce the rent regulations. The reasonable interpretation of its orders continuing the hearings on the motions for setting aside the judgments of dismissal and for a reinstatement of the cases for hearing is that the court entertained the motions and has been waiting for our decision in the Findlay and Lenske case before deciding them.

The law with regard to the finality of a judgment sought to be appealed to the circuit court of appeals, after a motion for its reconsideration has been made and entertained by the court below, is stated by the Supreme Court in Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 36, 14 S.Ct. 4, 6, 37 L.Ed. 986, as follows:

"The decree dismissing complainants' bill was entered on October 20, 1890, but an application for a rehearing was made shortly thereafter, and during the same term, but not disposed of until May 5, 1891.

"The rule is that if a motion or a petition for rehearing is made or presented in season, and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal. Brockett v. Brockett, 2 How. 238, 240 [11 L.Ed. 251]; Texas Pacific Railway v. Murphy, 111 U.S. 488, 4 S.Ct. 497 [28 L.Ed. 492]; Memphis v. Brown, 94 U.S. 715" [24 L.Ed. 244].

Cf. Justice Miller's opinion in Southland Industries v. Federal Communications Comm., 69 App. D.C. 82, 99 F.2d 117, and cases there reviewed.

The order, inadvertently entered, substituting Creeden as appellant in the eight cases is ordered set aside. The cases should be reported with Fleming's name as appellant. The appeals from the judgments of dismissal are ordered dismissed.