VICENTE AMADOR PÉREZ and JUAN CARLOS MARTÍNEZ, Petitioners, *v.* DISTRICT COURT OF SAN JUAN, C. LLAUGER DÍAZ, JUDGE, Defendant.

No. 320. Argued February 14, 1939.—Decided May 17, 1939.

*Luis Venegas Cortés* and *Raúl Colón*, attorneys for the petitioners; *Alfonso Miranda Esteves*, attorney for the intervenor, complainant in the principal suit.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The petitioners, defendants before the Municipal Court of San Juan in an action for the collection of moneys, filed

a demurrer of lack of facts in the complaint. The motion was set for hearing for September 5, but it could not be had because said day was a holiday, "Labor Day". On the 9th of said month the hearing was held, the complainant appeared and the defendant did not. The court dismissed the demurrer as frivolous and on petition of the complainant gave judgment on the complaint and ordered the defendants to pay the $300 claimed plus the costs and attorneys fees. The defendants were notified of said judgment on the 21st of September, 1938, and two days later they filed a motion which they entitled "Motion to Annul the Judgment", in which they prayed the court to "annul its judgment of September 9," for the following reasons:

1. Because the setting of the hearing for "Labor Day" was null because it was impossible that the court hold a hearing on said day.

2. Because the judgment is null the court having overstepped its rights in rendering a final judgment in the hearing of a demurrer.

3. Because the judgment deprives the defendants of their constitutional rights in condemning them to pay the amount claimed without giving them an opportunity to defend themselves since they were never notified of the new setting for September 9 made on petition of the complainant.

This motion was argued by the parties before the municipal court and was dismissed on October 5, 1938. On the 14th of the same month the defendants appealed to the District Court of San Juan.

At the hearing before the district court the complainant appellee requested the dismissal of the appeal alleging that the court had no jurisdiction. The contention of the complainant was that as the defendants were notified of the judgment on September 21, 1938, the term to appeal expired on the 1st of October of that year; that this term was not interrupted by the filing on September 23 of the "Motion to annul the judgment", because said motion is not a motion to reconsider nor does it have the same effect and that the

782

appeal filed by the defendants on October 14 could not confer jurisdiction on the district court because it was filed after the term had expired. The lower court upheld the opinion of the complainant and rendered judgment dismissing the appeal.

On January 26, 1939, the defendants, herein petitioners, filed in this Supreme Court a petition for a writ of *mandamus* against the District Court of San Juan whereby the Judge of the same, Carlos Llauger Díaz, be ordered to hear the Civil case Number 2747 until it is finally decided. After hearing the petitioners and the complainant in the principal suit as regards the issuance of the writ of *mandamus* requested, the case was finally submitted for our decision on February 14, 1939.

█ The only question involved in the present case is whether the "motion to annul the judgment" filed by the defendants before the municipal court interrupted the legal term of ten days to appeal to the district court.

To decide this question we must go further than the title or name which was given to the motion and look to its contents to see the purpose for which it was filed.

In said motion after stating the facts of the setting of the demurrer and of the judgment rendered by the municipal court, the defendants informed said court that its judgment is against the law among other reasons for having been rendered without giving the defendants an opportunity to be heard in their own defense and without having notified them of the setting of the hearing of the case. The evident purpose of said motion was to give the lower court an opportunity to correct its alleged error and to annul its judgment, thereby avoiding an unnecessary appeal. And this is precisely the purpose for which the so called "motion for a rehearing" and "motion to set aside the judgment" are filed.

"A petition for rehearing is a request to the court to revise its own action, by correcting errors and modifying or setting aside its

judgment." *Parker v. State,* 33 N. E. 119. The object of the petition for *rehearing* is to point out mistakes of law or fact, or both, which it is claimed the court has made in reaching its conclusion." *People ex rel. L'Abbe v. District Court,* 58 Pac. 604. See: *City of Memphis v. Brown,* 94 U. S. 715, 24 Law Ed. 244.

The meaning of the legal term "reconsider" is to consider again, to revise with care, especially with a view to the reversal of the prior decision; to study or consider the matter again with the purpose of deciding it after that second consideration. 53 C.J. 594. *Dávila v. Collazo,* 50 P.R.R. ____.

After a serious consideration of the allegations and reasons of the motion as well as the aim or purpose for which it was filed, we believe we are bound to hold that no matter what title was given to said motion, it was and should be considered for all legal purposes as a motion to reconsider the judgment. And as said motion was "entertained", or that is, considered by the court before which it was filed, and not dismissed outright, the term to appeal should be computed from October 5, 1938, the date upon which the lower court dismissed the motion. The appeal filed nine days later, to wit, October 14, 1938, was filed within the legal term and was sufficient to confer jurisdiction upon the District Court of San Juan. See: *Pérez Casalduc v. Díaz Mediavilla,* 42 P.R.R. 345; *Dávila v. Collazo,* supra; *Las Monjas Racing Corporation v. Comisión Hípica,* 52 P.R.R. ____; and *Línea Borinquen, Inc., v. American RR. Co.,* 53 P.R.R. ____. Therefore, the lower court erred in dismissing the appeal filed by the petitioners. ■ As the decision of the District Court of San Juan is not appealable, in our opinion the peremptory writ of *mandamus* requested should be issued. See: *Ponce and Guayama RR. Co. v. Muñoz,* 12 P.R.R. 160; *Del Valle v. Foote,* Judge, 12 P.R.R. 216; *People v. Court,* 47 P.R.R. ____; *Annoni v. Heirs of Nadal,* 50 P.R.R. ____; and 38 C. J. 610, sec. 88 and cases cited therein.