FLEMING, Administrator, Office of Temporary Controls, v. FINDLAY et al.

No. 11611.

Circuit Court of Appeals, Ninth Circuit.

Dec. 15, 1947.

Ed Dupree, Asst. Gen. Counsel, Office of Housing Expediter, Hugo V. Prucha, Chief Litigation Unit, and Nathan Siegel, Sp. Lit. Atty., all of Washington, D. C., for appellant.

Hoss, Holland, Lenske, Murray & Baughman, of Portland, Or., for appellee.

Before DENMAN, BONE, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

■ The motion of Tighe E. Woods alleging that he is the duly appointed, qualified and acting Housing Expediter, Office of Housing Expediter, and praying that he be substituted for Philip B. Fleming, Administrator, as appellant here, duly noticed to the appellees, coming on duly to be heard without appearance of the appellees, and it appearing that by virtue of Executive Order No. 9841, 50 U.S.C.A.Appendix, § 601 note (12 F.R. 2645), issued by the President of the United States on April 23, 1947, Frank R. Creedon, who had previously been appointed and confirmed as Housing Expediter (Cong. Rec. Vol. 93, No. 12, page 455, January 17, 1947), was invested with all of the functions with respect to rent control, theretofore vested in the Temporary Controls Administrator, Office of Temporary Controls, with full power to continue and maintain in his name all civil proceedings heretofore instituted, maintained or defended by the Temporary Controls Administrator, and that authority to administer the powers, functions and duties under the Housing and Rent Act of 1947 in effect July 1, 1947, Public Law 129, 80th Cong., 1st Sess., Sec. 204(a), 50 U.S. C.A.Appendix, § 1894(a), was conferred by Congress on the Housing Expediter, to whom rent control was transferred and who "was retained as the official to administer the [rent control] law" (Sen. Conf. Rep. Cong. Rec. June 19, 1947 at p. 7439; Sen. Rep. No. 86, 80th Cong., 1st Sess., p. 2), the motion is granted.

■ Woods, as such Housing Expediter, moves for a summary reversal of the judgment dismissing the above action on the ground that Fleming was not Administrator of the Office of Temporary Controls because his appointment to that office had not been confirmed by the Senate. This contention is in error and the judgment of dismissal is reversed. Fleming v. Mohawk Co., 331 U.S. 111, 67 S.Ct. 1129. Cf. United States v. Koike, 9 Cir., 164 F.2d 155, and United States v. Hirahara and Golding, 9 Cir., 164 F.2d 157.