**WOODS, Housing Expediter, v. ROSE.**

No. 11928.

United States Court of Appeals
Ninth Circuit.

Nov. 17, 1948.

---

[1] 56 Stat. 23, 33, 50 U.S.C.Appendix, § 925 (a) and (e).

Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst.Gen. Counsel, and Nathan Siegel, Sp. Lit. Atty.; Office of Housing Expediter, Office of Gen. Counsel, all of Washington, D. C., for appellant.

Hiram T. Kellogg, of Los Angeles, Cal., for appellee.

Before MATHEWS and STEPHENS, Circuit Judges, and DRIVER, District Judge.

PER CURIAM.

On April 18, 1947, Philip B. Fleming, Administrator of the Office of Price Controls,[1] brought an action on behalf of the United States against appellee, Pearl Rose, under § 205(a) and (e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(a) and (e), for the violation of rent regulations issued under § 2 of the Act, 50 U.S.C.A.Appendix, § 902.

On April 23, 1947, Administrator Fleming's functions with respect to rent control were transferred to Frank R. Creedon, Housing Expediter,[2] who moved for the substitution of himself as plaintiff in Fleming's place and stead. That motion was made and denied on September 9, 1947.

Thereupon appellee moved to dismiss the action. Indicating that that motion would be granted, the court, on September 9, 1947, directed appellee's counsel to prepare a "form of dismissal," meaning, obviously, a form of judgment dismissing the action.

On December 3, 1947, appellant, Tighe E. Woods, who had succeeded Creedon as Housing Expediter, moved for the substitution of himself as plaintiff in Fleming's place and stead. That motion was granted on March 17, 1948. Before granting it, however, the court, on February 10, 1947, entered a judgment dismissing the action. From that judgment this appeal was taken on April 5, 1948.

The judgment dismissed the action pursuant to appellee's motion, the ground of which was that Fleming was no longer the real party in interest, was no longer the Administrator of the Office of Temporary Controls and was no longer empowered to maintain the action.

This was not a valid ground of dismissal. The United States was at all times, and is now, the real party in interest. Fleming was a nominal party only.[3] Appellee's motion should have been denied.

Judgment reversed and case remanded for further proceedings.

[1] See Executive Order No. 9809, 11 F. R. 14281, 50 U.S.C.A.Appendix, § 601 note.

[2] See Executive Order No. 9841, 12 F. R. 2645, 50 U.S.C.A.Appendix, § 601 note.

[3] United States v. Koike, 9 Cir., 164 F.2d 155; United States v. Hirahara, 9 Cir., 164 F.2d 157; Fleming v. Findlay, 9 Cir., 165 F.2d 79.