TELEGRAPH HERALD CO. v. FEDERAL
RADIO COMMISSION (SANDERS BROS.
RADIO STATION, Intervener).

No. 5826.

Court of Appeals of the District of Columbia.
Argued June 8, 1933.
Decided June 26, 1933.

Elisha Hanson and Eliot C. Lovett, both of Washington, D. C., for appellant.

George B. Porter and Fanney Neyman, both of Washington, D. C., for appellee.

Louis G. Caldwell and Arthur W. Scharfeld, both of Washington, D. C., for intervener.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order of the Federal Radio Commission granting an application for the removal of radio broadcasting station WKBB from Joliet, Ill., to East Dubuque, Ill. The appellant is the Telegraph Herald Company, a newspaper publishing corporation located at Dubuque, Iowa.

It appears that on November 28, 1931, the Telegraph Herald Company wrote to the Federal Radio Commission as follows: "We are desirous at this time to make application for a 100-watt radio station to operate in Dubuque, Iowa. If a franchise cannot be granted at this time, will you kindly keep this letter on file purporting to indicate our application for such a station as soon as opportunity permits."

On December 2, 1931, the secretary of the Commission answered this letter with the following statement: "If you desire to file formal application for a construction permit, you may procure the forms, 6a-1, from the office of the supervisor of radio of your district, 2022 Engineering Building, Chicago, Ill. These forms, if filled out, must be submitted in duplicate to the office of the supervisor of radio for transmittal to the Commission for consideration. In view of the large number of radio stations now licensed to operate and the limited number of channels available for broadcasting purposes it is doubtful whether the Commission would give favorable consideration to the application for construction of a new station. Copies of general orders 40 and 102 are enclosed for your information."

It may be noted that at the date of this correspondence the state of Iowa possessed an overquota allotment of radio broadcasting licenses, and the Commission was restrained by law from granting additional licenses for that state. Davis Amendment, Act March 28, 1928, § 5, 45 Stat. 373 (47 USCA § 89). The same condition existed respecting the state of Illinois.

Afterwards, on March 14, 1932, no action having been taken by the Telegraph Herald Company in the meantime, the Sanders Bros. Radio Station, which owned and operated station WKBB, located at Joliet, in the state of Illinois, filed a written application with the Commission requesting the privilege of removing station WKBB from Joliet to East Dubuque, Ill. On May 27, 1932, this application was granted by the Commission (Commissioner Lafount dissenting).

On June 1, 1932, the Telegraph Herald Company filed a written protest with the Commission protesting against its action granting the foregoing application of station WKBB.

On June 13, 1932, the Commission entered an order for a reconsideration of the fore-

going order granting the application of station WKBB for a change of location, and the application was designated for hearing before an examiner. On July 14, 1932, such a hearing was had, at which the parties were represented and testimony was taken. The examiner thereupon recommended that the conditional grant made by the Commission on May 27, 1932, to station WKBB for removal from Joliet, Ill., to East Dubuque, Ill., should be affirmed. The Telegraph Herald Company thereupon filed exceptions to this report.

On October 21, 1932, the Commission (Commissioner Lafount dissenting) overruled the exceptions and reaffirmed the order made by the Commission on May 27, 1932, granting the application of station WKBB for removal as aforesaid.

A notice of appeal from the Commission's decision was filed in this court by the Telegraph Herald Company, together with a statement of the grounds for such appeal.

In its statement appellant alleged that the Telegraph Herald and Times Journal, owned by appellant, had served the community of Dubuque, Iowa, for many years in the dissemination of news, information, entertainment, and advertising; that, inasmuch as there was no broadcasting station located in that city, appellant some months ago, at the instance of leading organizations of the city, had made formal inquiry of the Federal Radio Commission as to the possibility of establishing a radio broadcasting station there, and was officially informed by the Commission that, because the state of Iowa was so greatly overquota, no license could be granted for a new station in Dubuque, and that it would be useless for appellant to file an application therefor. The Commission informed appellant:

That the only way a station could be located in Dubuque was by the removal thereto of facilities already in use in Iowa. That appellant is and has been ready to purchase the facilities of any existing broadcasting station within the state of Iowa for the purpose of moving it to Dubuque, but has been unable to find a station already established in the state available for such purpose, and no such station has been found, although appellant is still in the market to obtain one. That under the law and the rules and regulations of the Commission an Illinois station cannot be moved into Iowa, inasmuch as Iowa is already overquota.

That, when station WKBB filed its application for a removal from Joliet to East Dubuque, Ill., its application contained the statement that the purpose of the removal was to furnish radio service to East Dubuque, Ill., and Dubuque, Iowa, and the Commission granted the application without notice or hearing. That the evidence produced before the examiner established the fact that WKBB is really seeking to evade the Commission's rules and regulations by locating its station in East Dubuque, Ill., just across the state line from Dubuque, Iowa, and draw on the latter city for practically all of its program material and financial support. That Dubuque, Iowa, has a population of 41,679 and East Dubuque, Ill., a population of 1,395 and the latter is but one mile distant from Dubuque, Iowa. That the territory about Dubuque, Ill., is now receiving good radio service by clear channel stations and fair service from regional stations. That the resources of Dubuque, Iowa, would be drawn upon for practically all of the financial support and most of the talent for the operation of the station when removed, and it is clear from the record that the real purpose for the removal of the station is to enable WKBB to render a purely local service to Dubuque, Iowa. That rule 89 of the Rules and Regulations of the Federal Radio Commission provides that: "The term 'main studio' means, as to any station, the studio from which the majority of its local programs originate, and from which a majority of its station announcements are made of programs originating at remote points."

That rule 112 of the Rules and Regulations of the Federal Radio Commission provides that: "The facilities assigned to each broadcast station shall be charged to the zone and to the State, district, territory, or possession wherein the main studio of such station is located, regardless of the location of the transmitter."

Appellant claims that these rules would be violated by the establishment of station WKBB in East Dubuque, which would amount in effect to establishing the station in Dubuque, Iowa, notwithstanding that Iowa is overquota, because necessarily its main studio would be in that city. Appellant therefore prayed for an order of the court reversing the decision of the Federal Radio Commission.

In this court motions to dismiss the appeal were filed respectively by the Commission and by station WKBB upon the ground that the Telegraph Herald Company has no appealable interest in the case within the statute regulating appeals from the Commission to this court. Section 16 of the Radio

Act of 1927, as amended July 1, 1930, 46 Stat. 844 (47 USCA § 96).

■ We are of the opinion that these motions should be sustained and that the appeal should be dismissed because of a lack of appealable interest in the appellant.

The right to appeal from a decision of the Federal Radio Commission to this court is governed by section 16 of the Radio Act of 1927, as amended July 1, 1930, supra, which provides as follows:

"(a) An appeal may be taken, in the manner hereinafter provided, from decisions of the commission to the Court of Appeals of the District of Columbia in any of the following cases:

"(1) By any applicant for a station license, or for renewal of an existing station license, or for modification of an existing station license, whose application is refused by the commission.

"(2) By any licensee whose license is revoked, modified, or suspended by the commission.

"(3) By any other person, firm, or corporation aggrieved or whose interests are adversely affected by any decision of the commission granting or refusing any such application or by any decision of the commission revoking, modifying, or suspending an existing station license."

It seems clear that the present appellant does not come within the provisions of the foregoing statute. Appellant was not an applicant for a station license, for the letter dated November 28, 1931, did not amount to a legal application, nor was appellant an applicant for the removal or modification of an existing station license whose application was refused by the Commission, nor was appellant a licensee whose license was revoked, modified, or suspended by the Commission. And in contemplation of law appellant was not a corporation aggrieved or whose interests were adversely affected by the decision of the Commission modifying the license of WKBB. It is true that appellant in all probability was thereby foreclosed from securing a license for a broadcasting station in Dubuque, Iowa. But appellant's purpose to apply for such a license had not ripened into any right or interest such as would entitle appellant to become a party to the present proceeding. The decision of the Commission therefore did not modify or affect any interest or right already accrued to the appellant, but only an expectation such as the statute does not seek to protect by appeal.

In 2 Ruling Case Law, p. 52, § 33, it is said: "In addition to the requirement of a substantial interest in the subject matter of the litigation, it is essential in order that a person may appeal or sue out a writ of error that he shall be aggrieved or prejudiced by the judgment or decree; appeals are not allowed for the purpose of settling abstract questions however interesting or important to the public generally, but only to correct errors injuriously affecting appellant. * * * Persons aggrieved in this sense are not those who may happen to entertain desires on the subject, but only those who have rights that may be enforced at law or whose pecuniary interest may be established in whole or in part by the decree. * * *"

In view of the absence of any present pecuniary interest possessed by appellant in or to the license here in question, or the removal of WKBB to East Dubuque as permitted by the Commission, it is apparent that appellant had no statutory right to take an appeal to this court. To rule otherwise would be equivalent to granting permission to any person who might entertain the purpose thereafter to invest in such a license or in such a locality to appeal from such an order of the Commission. This would make the right of appeal so general as to be impossible in practice.

We are therefore of the opinion that the motions to dismiss the present appeal should be sustained. Nevertheless it is not improper for us to express our views upon an additional ground for such an order.

■ The right of this court to entertain appeals from the Federal Radio Commission is limited by the following proviso contained in section 16 of the Radio Act of 1927, as amended by the Act of July 1, 1930, supra: "Provided, however, That the review by the court shall be limited to questions of law and that findings of fact by the commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the commission are arbitrary or capricious."

If the present appeal should be entertained by us, the question would arise whether the decision of the Commission was contrary to law, or was not supported by substantial evidence, or was clearly arbitrary or capricious.

■ The record does not disclose that the action of the Commission was contrary to law, or that its decision is unsupported by substantial evidence, or is arbitrary or caprici-

ous. It may be argued that the ruling of the Commission was unreasonable or unwise, or that the Commission's conclusions upon the testimony were incorrect, but these are questions which do not arise upon such an appeal. It is only such considerations as these, however, which are presented by the present record. Therefore, if we should come to consider the appeal upon its merits, we would be compelled to overrule it because of the limitations of the statute. See Federal Radio Commission v. Nelson Brothers Bond & Mortgage Company (Federal Radio Commission v. North Shore Church) United States Supreme Court, decided May 8, 1933, reported in 53 S. Ct. 627, 77 L. Ed. ——.