**MANSFIELD JOURNAL CO. v. FEDERAL COMMUNICATIONS COMMISSION.**

No. 9817.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 15, 1948.

Decided March 7, 1949.

Mr. George O. Sutton, of Washington, D. C., with whom Messrs. William Thomson and John H. Midlen, both of Washington, D. C., were on the brief, for appellant.

Mr. Max Goldman, Acting Assistant General Counsel, of Washington, D. C., with whom Messrs. Benedict P. Cottone, General Counsel, Richard A. Solomon and Thomas H. Donahue, Counsel, Federal Communications Commission, all of Washington, D. C., were on the brief, for appellee. Mr. Harry M. Plotkin, Assistant General Counsel, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK and WILBUR K. MILLER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The appellant, Mansfield Journal Company, on October 5, 1945, filed with the Federal Communications Commission an application for a permit to construct a Class B FM broadcasting station in Mansfield, Ohio. Similar applications had been filed shortly before by Unity Corporation, Inc., and Richland, Incorporated, and both were then pending.

Before hearings had been had with respect to any of the three applications, the Commission issued a tentative allocation plan for all Class B FM stations, under which two channels were assigned to Mansfield, Ohio. Because of this allocation, each of the three applicants necessarily became a competitor of the other two. Consequently the Commission followed its usual procedure of consolidating the cases for hearing so that from the consideration of a single record made by the three adversaries it could compare their qualifications and reach a decision as to issuing the permits sought. Hearings were held in October and November, 1946.

On June 13, 1947, before the Commission had taken any action with respect to the three pending applications, a revised tentative allocation plan for all Class B FM stations was issued, under which three channels were assigned to Mansfield. Because of this change, which made available as many channels as there were applicants, the Commission entered an order on January 10, 1948, by which it "severed"

the three applications, granted the application of Richland, Inc., and assigned to it one of the three available channels. By the same order the applications of Mansfield Journal Company and Unity Corporation, Inc., were continued in hearing status, to be considered separately. Its petition for rehearing concerning the order of January 10, 1948, having been denied by the Commission, the Mansfield Journal Company appeals.

■ Much of the appellant's argument is to the effect that the Commission erred in "severing" the three applications. The appellant asserts the right to have the consolidated status of the proceedings maintained until the final disposition; it claims the right to a valid determination on a comparative basis as to which, if any, of the applications in the consolidated proceeding should be granted; and says it was entitled to notice of the Commission's intention to change the consolidated status and to be heard concerning it. These contentions are attacks upon that portion of the order of January 10, 1948, which dissolved the consolidated proceeding into its three constituent parts. The Commission's order "severing" the applications was interlocutory in character and not in itself appealable. It can be reviewed here only if the undoubtedly final portion of the order may be appealed from by the appellant. That portion was, of course, the grant of one of the three channels to Richland, Inc. We are not concerned, therefore, with the validity of the order of severance unless the appellant can appeal from the order granting the application of Richland, Inc.

The right to appeal to this court from decisions of the Commission is granted by 47 U.S.C.A. § 402 (b), the pertinent portion of which is:

"(b) An appeal may be taken, in the manner hereinafter provided, from decisions of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:

"(1) By any applicant for a construction permit for a radio station, or for a radio station license, or for renewal of an existing radio station license, or for modification of an existing radio station license,

whose application is refused by the Commission.

"(2) By any other person aggrieved or whose interests are adversely affected by any decision of the Commission granting or refusing any such application."

■ The order from which the appellant seeks to appeal does not refuse its application for a construction permit, so the Mansfield Journal Company may maintain this appeal only if it is a "person aggrieved or whose interests are adversely affected" by the order of January 10, 1948.

The appellant applied, not for any specific channel, but for any channel which the Commission might assign to it. It appears there was no appreciable difference in the value and usefulness of the three available channels, so the assignment of one to Richland, Inc., did not in the slightest diminish the appellant's chance of success in obtaining a construction permit. In that respect, therefore, the order assigning a channel to Richland, Inc., did not aggrieve the appellant nor adversely affect its interests.

The appellant contends it will suffer economic injury because under the order Richland, Inc., becomes the only FM broadcaster in Mansfield and "will receive all of the commercial advantages accruing to the Station which first brings to its listeners this new and improved type of aural broadcasting." It relies upon Federal Communications Commission v. Sanders Brothers Radio Station, 1940, 309 U.S. 470, 642, 60 S.Ct. 693, 84 L.Ed. 869, 1037, as holding that a person who would suffer economic injury has an appealable interest under § 402 (b) (2) of the Communications Act of 1934. As we read the Sanders case the Court held that economic loss to an existing station, without more, is not a valid reason for refusing a license to a new applicant, but that the existing station in such circumstances has the requisite standing to appeal and to raise any relevant question of law in respect of the order of the Commission. It is our view that to apply the Sanders case to the situation here would unduly extend it; for this appellant is not the owner of an existing station and does not hold a construction permit. It is merely an appli-

cant for such a permit, which it may never obtain.

In these circumstances to hold that the appellant may appeal from the Richland, Inc., grant would amount to a holding that whenever two or more applications, not mutually exclusive, for similar licenses in one locality are pending before the Commission, they must be acted on simultaneously so that no applicant may gain advantage by beginning operations before another. We are not prepared to announce such a ruling.

It follows from what has been said that the status of the Mansfield Journal Company is not such as to permit it to maintain this appeal.

Appeal dismissed.