## KFAB BROADCASTING CO. v. FEDERAL COMMUNICATIONS COMMISSION (MAY BROADCASTING CO. Intervenor).

### No. 10047.

United States Court of Appeals
District of Columbia Circuit.

Argued May 10, 1949.

Decided June 13, 1949.

Mr. Paul M. Segal, Washington, D. C., with whom Messrs. George S. Smith, Philip J. Hennessey and Harry P. Warner, Washington, D. C., were on the brief, for appellant. Mr. Quayle B. Smith, Washington, D. C., also entered an appearance for appellant.

Mr. Max Goldman, Assistant General Counsel, Federal Communications Commission, Washington, D. C., with whom Mr. Harry M. Plotkin, Assistant General Counsel, and Messrs. Richard A. Solomon and John D. Edgerton, Counsel, Federal Communications Commission, Washington, D. C., were on the brief, for appellee. Mr. Benedict P. Cottone, General Counsel, Federal Communications Commission, Washington, D. C., also entered an appearance for appellee.

Mr. Vernon L. Wilkinson, Washington, D. C., with whom Messrs. Andrew G. Haley and James A. McKenna, Jr., Washington, D. C., were on the brief, for intervenor.

Before CLARK, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from two orders of the Federal Communications Commission. By one order the Commission granted an application of the intervenor for authority to construct and operate a television station, and by the other it denied the petition of appellant for reconsideration of the first order.

In November, 1945, the Commission, in a duly conducted rule-making proceeding, announced a tentative plan for the allocation of television channels to the cities and metropolitan districts of the United States.[1] Three channels, called Nos. 3, 6 and 7, were allocated to the Omaha-Council

---

[1] Commission's Rules and Regulations § 3.606, 11 Fed.Reg. 34.

Bluffs metropolitan district. Some two years later, on December 26, 1947, radio station WOW, Inc., filed the first application for authority to construct a station at Omaha. On January 30, 1948, the Commission granted that application and assigned WOW, Inc., Channel No. 6. About a month later, on February 25, 1948, the May Broadcasting Company, intervenor here, (which we shall call "May") applied for a permit for a station at Omaha to operate on Channel No. 3. Still another month later, on March 30, 1948, appellant KFAB Broadcasting Company (which we shall call simply "KFAB") filed an application for a station, originally specifying Channel No. 3 but by amendment requesting "Channel No. 3, if available, otherwise No. 7." So there were two applications pending and two channels available. On May 13, 1948, the Commission granted the May application, assigning to it the frequency on Channel No. 3. After this grant, there remained for assignment one channel (No. 7), and one application, that of KFAB, was pending.

But five days after the grant of the May permit, and before the Commission completed the necessary administrative processing of the KFAB application, another application was filed, by the Central States Broadcasting Company (which we shall hereinafter call "Central States"). Thus, on May 18th, there became pending two applications for one available channel. Therefore, the Commission, pursuant to the regulations which it adopted in accordance with the rule laid down by the Supreme Court in Ashbacker Radio Co. v. Federal Communications Comm'n,[2] designated the two applications (that of KFAB and that of Central States) for hearing in a consolidated proceeding. Thereupon, KFAB applied for a reconsideration of the grant of the May permit, saying that it had suffered grievous injury because of the greater burden of contesting with Central States for the use of one channel instead of competing with Central States and May

for the use of either of two channels. This petition for reconsideration was filed within the twenty-day period allowed by the statute for the filing of applications for rehearing.[3] The Commission denied the petition.

Appellant argues that the filing of its petition for reconsideration within the twenty-day period reopened the proceeding upon the May application. It says that, therefore, as soon as its petition for rehearing was filed there were pending before the Commission three applications for two channels. It follows, says appellant, that the Commission was required to consolidate the three applications (of KFAB, May and Central States) for a comparative hearing to determine which two of the three should get the use of the two available channels.

The nub of the controversy is the effect of the filing of a petition for reconsideration. Does it merely stay the effectiveness of the judgment pending reconsideration of the judgment, or does it wipe out the judgment and leave the proceeding open-ended? It is sometimes said that the petition reopens the case. It does in the sense that the tribunal will hear contentions that the judgment is in error. It does not reopen the case in the sense that the tribunal must reformulate the judgment.

Appellant bases its argument principally upon the decisions of this court in Black River Valley Broadcasts v. McNinch[4] and in United States ex rel. Dascomb v. Board of Tax Appeals.[5] The precise point under discussion in the Black River Valley case was whether the plaintiff could sue for injunction after a petition for rehearing had been granted by the Commission but no further action had been taken. This court held that, whether the petition had been granted or had merely been filed, the administrative process had not been concluded. In the Dascomb case, the Commissioner of Internal Revenue wrote a letter to the taxpayer, proposing an additional tax, the taxpayer filed a protest, and the Commissioner

2 1945, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108.
3 Sec. 405 of the Communications Act of 1934, 48 Stat. 1095, 47 U.S.C.A. § 405.

4 1938, 69 App.D.C. 311, 101 F.2d 235.
5 1926, 56 App.D.C. 392, 16 F.2d 337.

wrote a second letter, reviewing the protest but adhering to his original position. This court held that the second letter marked the close of the case by the Commissioner and that the period within which appeal might be taken began with that date. These cases held that a judgment or order does not become final in effectiveness until a petition for rehearing, filed pursuant to proper authority, is acted upon. They did not mean that a judgment or order is wiped out by the filing of a petition for rehearing.

There is a difference between staying and vacating. For example, the rules of this court provide that a mandate shall be stayed upon the filing of a petition for rehearing, and that if the rehearing is granted the judgment shall be vacated.

In the instant case, the statute permits applications for rehearing to be made by any person aggrieved or whose interests are adversely affected by the order, but it specifically provides that no application for rehearing shall operate to stay or postpone the enforcement of an order of the Commission, without a special order to that effect.[6] Thus, a petition under this statute does not even stay the order, much less vacate or nullify it.

On May 13, 1948, when the May permit was granted, appellant was not aggrieved. Its application was the only pending application, and there was a channel available. We held in Mansfield Journal Co. v. Federal Communications Comm'n [7] that one of three applicants for three available channels was not aggrieved by the grant of one of the applications. If appellant was aggrieved, it was by a subsequent event and not by the order of the Commission.

One effect of appellant's contention would be that by reason of events subsequent to the order, his petition for rehearing created in him a right which he did not have at the time of the order. We held in Yankee Network v. Federal Communications Comm'n [8] that a petition for rehearing is not for the purpose of creating rights but for protecting existing rights.

Another effect of appellant's contention would be that Central States would be entitled to a comparative consideration with May, although the Central States application was not filed until after the May application had been granted. That phase of appellant's contention is definitely foreclosed by our decision in Telegraph Herald Co. v. Federal Radio Comm'n.[9]

We hold that the filing, after a permit has been granted, of an application which would be mutually exclusive of the granted permit, does not require the Commission to reopen the proceeding for a comparative hearing under the rule of Ashbacker Radio Co. v. Federal Communications Comm'n, supra. We also conclude that a person not aggrieved or affected by an order when it is entered, does not become aggrieved or affected by that order, within the meaning of this statute, upon the happening of some subsequent event, which changes his status. This appeal must, therefore, be dismissed.

Appeal dismissed.

---

6 Sec. 405 of the Act, supra note 3.

7 1949, 84 U.S.App.D.C. 341, 173 F.2d 646.

8 1939, 71 App.D.C. 11, 107 F.2d 212.

9 1933, 62 App.D.C. 240, 66 F.2d 220.