James **PARR** and Darwin Parr,
Appellants,

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

Fred P. D'Angelo, t/a Banning Broadcasting Co., Intervenor.

**Nos. 18981, 19004.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 21, 1965.

Decided Feb. 18, 1965.

---

Mr. Robert L. Heald, Washington, D. C., with whom Mr. Edward F. Kenehan, Washington, D. C., was on the brief, for appellants.

Mr. John Conlin, Counsel, F. C. C., with whom Messrs. Henry Geller, Gen. Counsel, Daniel R. Ohlbaum, Deputy Gen. Counsel, and Ernest O. Eisenberg, Counsel, F. C. C., were on the brief, for appellee.

Mr. Grover C. Cooper, Washington, D. C., with whom Mr. Ben C. Fisher, Washington, D. C., was on the brief, for intervenor.

Before BAZELON, Chief Judge, and WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

On November 30, 1962, an application for renewal of the license of standard broadcast station KPAS in Banning, California, was filed with, and accepted as filed by, the Federal Communications Commission.[1] On April 8, 1963, while the renewal application was pending, as it still is, an application for consent to the assignment of the KPAS license to one Darwin was filed with the Commission. On April 13, 1964, there was filed with the Commission an amendment to the assignment consent application.[2] This amendment named D'Angelo, the intervenor here, as the new proposed assignee and successor to all rights and interests of Darwin. Commission consent to the assignment of the KPAS license to D'Angelo was granted on July 15, 1964, but the renewal application was continued in a deferred status.

Two days later, on July 17, 1964, appellants filed with the Commission an application for a construction permit for a new station in Banning, California, to operate on the same frequency as KPAS. Thus, the renewal application for the KPAS license and appellants' construction permit application were mutually exclusive. On July 30, 1964, appellants filed a petition to stay the assignment of the KPAS license to D'Angelo and a petition for the reconsideration of the July 15 grant of Commission consent to the assignment. By a memorandum opinion and order dated October 28, 1964, the Commission denied appellants' petition for reconsideration,[3] and appellants took this appeal. Since we agree with the Commission that appellants had no standing to contest the assignment, we discuss only that issue, for the other points raised are not prop-

1. The expiration date of the KPAS license was December 1, 1962, but because of the financial difficulties of the licensee, Stevens Broadcasting, Inc., and the ill health of C. A. Jasspon, Stevens' president and principal stockholder, KPAS had ceased broadcasting in February, 1962.

2. The amendment was filed by Darwin who requested that the Commission waive any

requirement that the assignor, Stevens Broadcasting, Inc., join in the amendment because of the unavailability of Jasspon. Commission action as to waiver is unclear from the record, but on June 17, 1964, Jasspon, as president of Stevens, joined in the amendment.

3. The Commission accordingly concluded that the comparative hearing required by Ashbacker Radio Corp. v. Federal

erly before us absent appellants' standing to raise them.

We think it is plain that prior to July 17, 1964, appellants were at best only potentially interested applicants for the Banning broadcasting license, and that they had not manifested any interest in either the KPAS license renewal or the KPAS license assignment proceedings. Yet appellants argue that they were aggrieved by the Commission's grant of consent to the assignment. The essence of appellants' complaint is that they want a comparative hearing in which they will oppose the now defunct former licensee, Stevens Broadcasting, Inc., instead of having to oppose the assignee, D'Angelo, who, after perfection of the assignment and with Commission approval reactivated KPAS and put the station back on the air late in 1964. Appellants believe that they will have less likelihood of success in the upcoming comparative hearing against the operating assignee.

In KFAB Broadcasting Co. v. Federal Communications Commission, 85 U.S. App.D.C. 160, 177 F.2d 40 (1949), intervenor May Broadcasting Company filed an application for a license to operate television Channel 3 in Omaha, Nebraska. Later, KFAB filed a similar application, but amended it to specify "Channel 3, if available, otherwise No. 7." The Commission granted the Channel 3 permit to May, and five days later Central States Broadcasting Company filed an application for Channel 7, thereby opposing the KFAB application already on file. KFAB then applied for reconsideration of the

Communications Commission, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945), to determine who would be granted the Banning, California, license would be held between the appellants and the assignee D'Angelo.

license grant to May on the ground that it had been aggrieved because of the greater burden of contesting with Central States for one available license than contesting with May and Central States for one of two available licenses. We held that "* * * a person not aggrieved or affected by an order when it is entered, does not become aggrieved or affected by that order * * * upon the happening of some subsequent event, which changes his status." 85 U.S.App. D.C. at 162, 177 F.2d at 42. See also Plains Television Corporation v. Federal Communications Commission, 108 U.S. App.D.C. 20, 24, 278 F.2d 854, 858 (1960); Telegraph Herald Co. v. Federal Radio Commission, 62 U.S.App.D.C. 240, 66 F.2d 220 (1933). A fortiori, when the subsequent event is the first manifestation of a person's interest in the matter and the status change is from a potential to an actual applicant,[4] that person is not aggrieved or affected by the prior order, at least not in the sense required to confer standing. If appellants were aggrieved it was not by anything the Commission did, but rather was by their own delay in filing for a construction permit. The late, July 17, 1964, filing did not operate retroactively to July 15, 1964, so as to give appellants legal grounds to complain. Appellants must take things as they were when appellants entered the proceedings before the Commission. Accordingly, this case is affirmed.

Affirmed.

4. We need not and do not decide whether appellants would have had standing had they manifested their interest informally prior to the Commission's action of July 15, 1964.